IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3075-BO

| | | |
|---|---|---|
| JAKE ALEXANDER PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT C. LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 30, 2012, Jake Alexander Palmer ("Palmer" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 [D.E. 1]. Palmer proceeds pro se and in forma pauperis [D.E. 2-4]. The matter is before the court for a frivolity determination pursuant to 28 U.S.C. § 1915. Also before the court is a motion to appoint counsel [D.E. 8] and a motion for a temporary restraining order [D.E 9].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it 'is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune form such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Palmer states that on December 8, 2011, at 3:45 pm at Pender Correctional Institution he was burned in the kitchen [D.E. 1, IV., Statement of Claim]. Palmer was lowering a pan into the sanitizing compartment. Id. He was wearing gloves; however, the glove slid down and filled with hot water. Id. On January 5, 2012, a Food Service Officer meet with Pender Administration about the gloves. Id. The gloves were "Safety Protection Gloves RN61525." Thereafter, Palmer sent letters to administrators within the prison about the use of the gloves. Id. Palmer seeks for the

gloves to be discontinued from use at the prison and compensated for nominal and compensatory damages. Id. at V. Relief Sought by Prisoner.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

"Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). Rather, to demonstrate "deliberate indifference," the Supreme Court has held that the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that substantial risk or serious harm exists, and he must also draw this inference." Farmer, 511 U.S. at 837. "But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

"[D]eliberate indifference describes a state of mind more blameworthy than negligence . . . . Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835 (internal quotes omitted); see also Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003). At most, Palmer has alleged a lack of due care or negligence which does not violate the constitution in an Eighth Amendment context. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

2

Palmer's case concerns workplace safety and the gloves used to protect inmates. Specifically, that the gloves provided by the prison did not protect plaintiff from being burned when water went down into the glove. From the complaint, however, it is evident that after the alleged accident the issue of the gloves was considered. There is simply no evidence before the court that anyone was aware of any defect with the gloves and intentionally and deliberately placed plaintiff in a position of danger. In fact, what is evident is that the prison provided plaintiff with gloves to provide a measure of safety to those inmates performing tasks with hot materials. Therefore, the case is dismissed for the failure to state a claim under § 1983.

Secondly, the motion for a temporary restraining order is denied [DE. 9]. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Palmer has not established that he is likely to succeed on the merits given the matter is being dismissed. He has failed to show that he is likely to suffer irreparable harm absent injunctive relief,

3

that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Palmer has failed to meet his burden of proof. Accordingly, the court denies Palmer's motion for an emergency injunction [D.E. 9].

In sum, the matter is DISMISSED, the motion for a temporary restraining order is DENIED, and the motion for appointment of counsel is DENIED as MOOT. The Clerk is DIRECTED to Close the case.

SO ORDERED, this the 11 day of October 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE